IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| | §   CASE NO. 9:20-CR-00032-MJT |
| vs. | § |
| | § |
| | § |
| NECO WAYNE WALKER (4) | § |

REPORT AND RECOMMENDATION
ON REVOCATION OF SUPERVISED RELEASE

On March 27, 2025, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Bob Wells. Defendant was represented by Assistant Federal Defender Jonathan Hyatt.

*Background*

After pleading guilty to the offense of Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams or More of Methamphetamine (Actual), a Class A felony, Defendant Neco Wayne Walker was sentenced on May 10, 2022, by United States District Judge Michael J. Truncale. The offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of II, was 51 to 63 months. After finding that Defendant qualified for safety-valve under the expanded provisions set forth in the First Step Act of 2018, the Court sentenced Defendant below the guideline range to an imprisonment term of 46 months, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and substance abuse treatment and testing. Defendant completed his term of imprisonment and started his term of supervised release on November 30, 2023.

1

*Allegations*

In the First Amended Petition seeking to revoke Defendant's supervised release, filed on May 23, 2024, United States Probation Officer Ellie Valdelamar alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition 1): The defendant must not commit another federal, state, or local crime.** It is alleged that Defendant was arrested by the Longview Police Department on May 12, 2024 for Possession of Marijuana < 2 oz, a Class B Misdemeanor, and Possession of a Controlled Substance PG 1/1-B >= 1G < 4G, a Third-Degree Felony.

2. **Allegation 2 (mandatory condition 3): The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.** It is alleged that Defendant submitted urine specimens on January 31, 2024, February 2, 2024, and April 9, 2024, that tested positive for methamphetamine (confirmed positive at lab). It is also alleged that Defendant submitted a urine specimen on March 18, 2024 that tested positive for marijuana (confirmed positive at lab) and admitted on April 18, 2024 that he took a Xanax that was not prescribed to him.

3. **Allegation 3 (standard condition 7): The defendant must work full-time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change anything about his work (such as his position or his job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.** It is alleged that Defendant failed to notify the probation officer of his employment change within 72 hours.

4. **Allegation 4 (special condition): The defendant must submit to substance abuse testing, under the guidance and direction of the U.S. Probation Office.** It is alleged that Defendant failed to report to the drug testing site to undergo a random drug test on April 18, 2024.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without

2

credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class A felony. Accordingly, the maximum imprisonment sentence that may be imposed is 5 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing methamphetamine or committing the offenses of Possession of a Controlled Substance PG 1/1-B >= 1G < 4G, a Third-Degree Felony, as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1.(a). Defendant's original criminal history category was II. The guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 6 to 12 months. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Possession of Marijuana, submitting urine specimens that tested positive for methamphetamine and marijuana, taking unprescribed Xanax, failing to report an employment change, or failing to submit to a scheduled drug test, as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of II, the guidelines provide a guideline imprisonment range for a Grade C violation of 4 to 10 months. The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b).

### *Hearing*

On March 27, 2025, Defendant appeared for a final revocation hearing. Assistant United States Attorney Bob Wells announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 2 of the petition and to jointly request a sentence of imprisonment for a term of time served to be followed by a 1-year term of supervised release. The agreed sentence takes into consideration Defendant's approximately ten months spent in custody solely on the allegations giving rise to the petition. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 2 of the petition.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 of the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of time served to be followed by a 1-year term of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 2 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of time served

to be followed by a 1-year term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

    Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of time served to be followed by a 1-year term of supervised release.

So ORDERED and SIGNED this 27th day of March, 2025.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE