**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NO. 9:20-CR-00032-MJT** |
| **vs.** | § | |
| | § | |
| | § | |
| **NECO WAYNE WALKER (4)** | § | |

**REPORT AND RECOMMENDATION**
**ON REVOCATION OF SUPERVISED RELEASE**

On September 29, 2026, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Lucas Machicek. Defendant was represented by Assistant Federal Defender David Barlow.

***Background***

After pleading guilty to the offense of Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams or More of Methamphetamine (Actual), a Class A felony, Defendant Neco Wayne Walker was sentenced on May 10, 2022, by United States District Judge Michael J. Truncale. The offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of II, was 51 to 63 months. After finding that Defendant qualified for safety-valve under the expanded provisions set forth in the First Step Act of 2018, the Court sentenced Defendant below the guideline range to an imprisonment term of 46 months, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and substance abuse treatment and testing. Defendant completed his term of imprisonment and started his term of supervised release on November 30, 2023. The Court

revoked Defendant's supervised release on April 2, 2025 and sentenced Defendant to time-served to be followed by a 1-year term of supervised release. Defendant completed his term of imprisonment and started his new term of supervised release on April 3, 2025.

### *Allegations*

In the First Amended Petition seeking to revoke Defendant's supervised release, filed on October 14, 2025, United States Probation Officer Satori Barnes alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition 3): The defendant must refrain from any unlawful use of a controlled substance. He must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.** It is alleged that Defendant submitted urine specimens on April 9, 2025, August 6, 2025, August 14, 2025, and August 25, 2025 that tested positive for methamphetamine and a urine specimen on July 1, 2025 that tested positive for cocaine. All tests results were confirmed by Abbot Labs.

2. **Allegation 2 (special condition): The defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise the defendant's participation in the program. The defendant must pay any cost associated with treatment and testing.** It is alleged that Defendant failed to submit urine drug tests at Drug and Alcohol Testing Compliance Services (DATCS), Longview, Texas, as instructed and as part of the U.S. Probation Office's random drug testing program on August 3, 2025, September 3, 2025, September 11, 2025, September 16, 2025, and September 23, 205.

3. **Allegation 3 (mandatory condition 1): The defendant must not commit another federal, state, or local crime.** It is alleged that Defendant was arrested on October 11, 2025 for committing the offense of Possession of a Controlled Substance Penalty Group 1/1-B<1 Gram, a state jail felony, as documented by Longview Police Department's offense report number 25-13607.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked

upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class A felony. Accordingly, the maximum imprisonment sentence that may be imposed is 5 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing methamphetamine and cocaine or committing the offense of Possession of a Controlled Substance, as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1.(a). Defendant's original criminal history category was II. The guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 6 to 12 months. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by submitting urine specimens that tested positive for methamphetamine and cocaine or failing to submit drug tests, as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of II, the guidelines provide a guideline imprisonment range for a Grade C violation of 4 to 10 months. The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b).

***Hearing***

On September 29, 2026, Defendant appeared for a final revocation hearing. Assistant United States Attorney Lucas Machicek announced that Defendant and the Government reached

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

an agreement for Defendant to enter a plea of true to Allegation 3 of the petition and to jointly request a sentence of imprisonment for a term of 12 months with no further term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 3 of the petition. Defendant requested a recommendation to the Bureau of Prisons to designate him to FMC Lexington.

***Findings and Conclusions***

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 3 of the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 12 with no further term of supervised release. Through an individualized assessment, I determined that no term of supervised release is warranted. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

**RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 3 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 12 months with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation

and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 12 months with no further term of supervised release.

So ORDERED and SIGNED this 29th day of September, 2026.

K. Nicole Mitchell

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE